UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAGE FULFILLMENT, LLC, | : | Civil Action No. 20-CV-444-SALM |
| Plaintiff, | : | |
| v. | : | |
| EARTH ANIMAL VENTURES, INC., | : | |
| Defendant. | : | June 27, 2022 |

**THE SAGE DOOR, LLC'S AND RICHARD CALAFIORE'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Daniel L. FitzMaurice (ct05331)
Nicholas M. Lombard (ct30928)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)
dlfitzmaurice@daypitney.com
nlombard@daypitney.com

# TABLE OF CONTENTS

Page

I. EAV Fails to State a Claim for Innocent Misrepresentation Against Calafiore and Sage Door, Because They Are Not "Immediate Parties" ................................................... 1

II. The Contractual Provisions also Undermine EAV's Counterclaim Five ........................... 5

III. EAV Cannot Recover Damages from the New Counterclaim Defendants ....................... 9

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*ARMOUR Cap. Mgmt. LP v. SS&C Techs., Inc.*,
 407 F. Supp. 3d 98 (D. Conn. 2019) ..................................................................................8

*Armstead v. Stop & Shop Companies, Inc.*,
 2003 WL 1343245 (D. Conn. Mar. 17, 2003) ....................................................................3

*Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, 2012 WL 13136049 (D. Conn. Oct. 23, 2012) ........................................................6

*Freeman v. A Better Way Wholesale Autos, Inc.*,
 174 Conn. App. 649 (2017) ................................................................................................8

*Computer Reporting Serv., LLC v. Lovejoy & Assocs., LLC*,
 167 Conn. App. 36 (2016) ..................................................................................................4

*Doe No. 1 v. Knights of Columbus*,
 930 F. Supp. 2d 337 (D. Conn. 2013) .................................................................................9

*Farrell v. Johnson & Johnson*,
 335 Conn. 398 (2020) ..............................................................................................1, 9, 10

*Geriatrics, Inc. v. McGee*,
 332 Conn. 1 (2019) .............................................................................................................2

*Gibson v. Capano*,
 241 Conn. 725 (1997) ................................................................................................6, 7, 8

*Gould v. City of Stamford*,
 331 Conn. 289,(2019) ......................................................................................................3, 4

*Green v. XPO Last Mile, Inc.*,
 504 F. Supp. 3d 60 (D. Conn. 2020) ...............................................................................2, 4

*H. Hirschmann, Ltd. v. Green Mountain Glass, LLC*,
 No. 5:15-CV-00034, 2016 WL 3683518 (D. Vt. July 6, 2016) ..........................................4

*Holly Hill Holdings v. Lowman*,
 226 Conn. 748, 628 A.2d 1298 (1993) ............................................................................6, 7

*Johnson v. Healy*,
 176 Conn. 97 (1978) .........................................................................................................10

*Joseph Gen. Contracting, Inc. v. Couto*,
 317 Conn. 565 (2015) .........................................................................................................2

*Kahn v. Volkswagen of Am., Inc.*,
   2008 WL 590469 (Conn. Super. Ct. 2008)..........................................................................4, 5

*Kessler v. Schwarzman*,
   2016 WL 1728000 (Conn. Super. Ct. Apr. 12, 2016)................................................................7

*Marcello v. Maine*,
   2006 WL 3324855 (D. Me. Nov. 15, 2006)..............................................................................1

*Matyas v. Minck*,
   37 Conn. App. 321 (1995) ........................................................................................................2

*Ossolinski v. Ford Motor Co.*,
   2014 WL 4638171 (Conn. Super. Ct. 2014)..........................................................................4, 5

*Stone v. Walsh*,
   2009 WL 3083938 (Conn. Super. Ct. Aug. 13, 2009) ..............................................................8

*Stone v. Walsh*,
   2010 WL 4944629 (Conn. Super. Ct. Nov. 19, 2010) ..............................................................8

*The Calibre Fund, LLC v. Bdo Seidman*,
   LLP, 2010 WL 4517099 (Conn. Super. Ct. Oct. 20, 2010) ......................................................3

*Town of New Milford v. Standard Demolition Servs., Inc.*,
   212 Conn. App. 30 (2022) ........................................................................................................8

*Vermont Plastics, Inc. v. Brine, Inc.*,
   79 F.3d 272 (2d Cir. 1996).......................................................................................................4

*Wallenta v. Moscowitz*,
   81 Conn. App. 213 (2004) ........................................................................................................9

**Statutes**

28 U.S.C. § 1738................................................................................................................................4

Conn. Gen. Stat. § 34-251a................................................................................................................4

Or. Rev. Stat. § 63.165.......................................................................................................................3

**Other Authorities**

Restatement (Second) of Torts § 552C.....................................................................................1, 5, 9

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1, 3

U.S. Const. art. 4, § 1........................................................................................................................4

EAV[1] presents a spate of faulty arguments in opposition to New Counterclaim Defendants' motion to dismiss Counterclaim Five. Numerosity cannot cure the legal deficiencies in this counterclaim, because: (a) the New Counterclaim Defendants are not "immediate parties," as Restatement (Second) of Torts § 552C requires; (b) EAV contractually accepted the risk that any innocent representations might prove to be inaccurate; and (c) restitutionary damages do not exist as to the New Counterclaim Defendants. Thus, EAV's strategy of proliferation should not "thwart the salutary purpose of [Rule 12(b)(6)], which is to provide a mechanism to dismiss claims where the [claimant] cannot recover on any viable legal theory." *Marcello v. Maine*, 2006 WL 3324855, at *1 (D. Me. Nov. 15, 2006) (internal quotation and citation omitted). The Court should advance this case by dismissing this unviable claim.

## I. EAV Fails to State a Claim for Innocent Misrepresentation Against Calafiore and Sage Door, Because They Are Not "Immediate Parties"

"In Connecticut, a claim of innocent misrepresentation . . . is based on principles of warranty" and "is generally governed by § 552C of the Restatement (Second) [of Torts]." *Farrell v. Johnson & Johnson*, 335 Conn. 398, 417 (2020) (internal quotations and citations omitted). Consistent with innocent misrepresentation's basis in warranty, comment d to § 552C provides that: "The rule stated is limited to the immediate parties to the sale, rental or exchange transaction itself . . . ." Restatement (Second) of Torts, § 552C, cmt. d. EAV alleges that the New Counterclaim Defendants negotiated the supply contract on *Sage's* behalf. (ECF#54, at 36-39, Counterclaim ¶¶ 25-44.) Thus, they acted as agents for a disclosed principal,[2] and, as such, they

---

[1] Unless otherwise defined in this memorandum, capitalized terms and acronyms take the same meanings as in the memorandum of law in support of the New Counterclaim Defendants' motion to dismiss. (ECF #188-1.)

[2] Although EAV alleges that it was unaware of Sage in September of 2018 (ECF #54 at 37, ¶40), it unquestionably knew of Sage before it signed the MESA, which identifies "Sage Fulfillment LLC" as EAV's counterparty. (ECF #59-4, Ex. C.)

-1-

were neither "parties" nor personally liable for any obligations based in contract or warranty. *Geriatrics, Inc. v. McGee,* 332 Conn. 1, 17 (2019) ("an agent is not liable for the principal's debt.") (citing 2 Restatement (Third), Agency §§ 6.01 through 6.04); *Joseph Gen. Contracting, Inc. v. Couto*, 317 Conn. 565, 582 (2015) ("an agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute his personal liability for, or to, that of his principal.") (citation omitted). Accordingly, the laws of agency and contracts as well as the concept of legal capacity all refute EAV's argument that the New Counterclaim Defendants were personally responsible for any warranties or were "immediate parties" to this transaction. *Green v. XPO Last Mile, Inc.,* 504 F. Supp. 3d 60, 68 (D. Conn. 2020), *motion to certify appeal denied*, No. 3:19-CV-01896 (JAM), 2021 WL 1381326 (D. Conn. Apr. 12, 2021) (quoting Restatement (Third) of Agency §6.01: "When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal . . . the agent is not a party to the contract . . . .").

Unable to satisfy the "immediate parties" requirement, EAV engages in sophistry. EAV first argues that innocent misrepresentation has only five elements, with immediate party status conspicuously absent. (ECF #192, EAV Br. at 11) (*citing Matyas v. Minck*, 37 Conn. App. 321, 333 (1995)). Privity was not at issue in *Matyas*, however, because the claimants purchased land directly from the defendants. *Matyas*, 37 Conn. App. at 324. Consequently, *Matyas* did not address the "immediate party" requirement and certainly did not dispense with that requirement.

EAV next criticizes the New Counterclaim Defendants for not citing a Connecticut case upholding the "immediate parties" requirement. (ECF #192 at 12.) The Restatement provides sufficient authority for this requirement, however, and EAV bears the burden of justifying any departure from it. EAV has failed in that mission: it cites no authority that negates the "immediate parties" requirement. Moreover, even if Comment d to § 552C were not enough (it is), at least one

Connecticut court has considered and imposed the "immediate parties" requirement. In *The Calibre Fund, LLC v. Bdo Seidman*, LLP, 2010 WL 4517099 (Conn. Super. Ct. Oct. 20, 2010), the plaintiff -- after losing money invested in a Madoff company -- sued Madoff's accountants for innocent misrepresentation. Relying on the "immediate parties" requirement, the Court granted the accounting firm's motion to strike.[3] *Id.* at *9. Likewise, the Court should dismiss EAV's Counterclaim Five against Sage Door and Calafiore.

EAV's next gambit is equally unavailing: it tries to redefine "immediate parties" by inventing a special rule for single-member, limited liability companies. (ECF #192 at 13). EAV argues that Calafiore and Sage Door are "parties" to the sales contract because "Sage Door was Sage's sole member and Calafiore was Sage Door's sole member." (*Id.*)[4] EAV fails not only to justify this supposed rule, it chooses to ignore controlling cases and statutes that flatly refute it. *See, e.g., Gould v. City of Stamford*, 331 Conn. 289, 301, 203 A.3d 525, 532 (2019) (rejecting the Workers Compensation Board's attempt to ignore the separate legal status of the single member of a limited liability company). The MESA describes Sage as "an Oregon limited liability company" and identifies Oregon as the governing law. (ECF 59-4 at 2, 15-16.) By statute, Oregon prescribes that "[a] member or manager is not personally liable for a debt, obligation or liability of the limited liability company solely by reason of being or acting as a member or manager." Or. Rev. Stat. § 63.165. Thus, as a matter of law, and based on the unambiguous language of MESA and SOW1, EAV's only counterparty is Sage; Sage Door (Sage's member) and Calafiore (Sage's manager and Sage Door's member) are not parties.

---

[3] In Connecticut practice, a motion to strike is the analog to a motion to dismiss under Federal Rule 12(b)(6). *Armstead v. Stop & Shop Companies, Inc*., 2003 WL 1343245, at *3, n.4 (D. Conn. Mar. 17, 2003) (*citing DeLaurentis v. City of New Haven*, 220 Conn. 225, 239–40 (1991))

[4] EAV's Counterclaim alleges that Sage Door has two members, not one. (ECF #54 at 33, Counterclaim ¶ 10.)

Moreover, Connecticut has adopted a similar statute, Conn. Gen. Stat. § 34-251a, and, thus, has every reason to accord full faith and credit to the Oregon law. U.S. Const. art. 4, § 1; 28 U.S.C. § 1738. Connecticut cases reject EAV's contention that the obligations of a limited liability company become those of its member and/or manager. *See, e.g., Gould, supra*; *Computer Reporting Serv., LLC v. Lovejoy & Assocs., LLC*, 167 Conn. App. 36, 55 (2016) (holding an attorney was not personally liable for services that he ordered while acting on behalf of his law firm, a limited liability company). In *Green v. XPO Last Mile, Inc.*, Judge Meyer discussed "well-establish principles of corporate and agency law" and "hornbook law" that decimate EAV's fabricated rule of party status for members of limited liability companies. *Green,* 504 F. Supp. 3d at 64, 68 ("[u]nder Connecticut law, '[a] limited liability company is an entity distinct from its member or members.'") (citations omitted).

Undeterred, EAV invents yet another rule: "privity . . . is satisfied by pleading facts which establish an agency relationship." (ECF #192 at 13.) EAV intentionally shrouds this rule in vagueness, by omitting the important detail of which party was the agent and which the principal. This critical element of the "agency relationship" appears, however, in the reasoning of the Connecticut cases that EAV cites: *Ossolinski v. Ford Motor Co.*, 2014 WL 4638171 (Conn. Super. Ct. 2014); and *Kahn v. Volkswagen of Am., Inc.,* 2008 WL 590469 (Conn. Super. Ct. 2008).[5] In these cases, consumers asserted breach of express warranty claims against automobile manufacturers for cars they purchased from dealers. The courts observed that the consumers could

---

[5] EAV also cites *Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272 (2d Cir. 1996), where the Second Circuit questioned whether – apart from product liability claims for personal injuries or property damage-- the Vermont Supreme Court might dispense with privity where a buyer could show that its immediate seller acted as the agent for the remote seller. *Id.* at 280 (noting "we need not address that issue because it is not before us."). The U.S. District Court for the District of Vermont later answered that question in the negative. *H. Hirschmann, Ltd. v. Green Mountain Glass, LLC*, No. 5:15-CV-00034, 2016 WL 3683518, at *3 (D. Vt. July 6, 2016).

compensate for their missing privity with the manufacturers by alleging that the dealers acted as the manufacturers' agents in transmitting the warranties. *Ossolinski*, 2014 WL 4638171 at *10; *Kahn*, 2008 WL 590469 at *8. Assuming, *arguendo*, that these cases have some bearing on this dispute, their lesson would be this: to pursue innocent misrepresentation claims against Calafiore and Sage Door, EAV must allege that Sage, the party with which it is in privity, acted as the agent for the New Counterclaim Defendants in conveying the representations for them. Of course, EAV never makes that allegation; it alleges the opposite. Thus, these cases provide no support to EAV.

In sum, EAV not only fails to satisfy the "immediate parties" requirement in § 552C, it also cites no authority nor valid reason to disregard that requirement. Accordingly, the Court should dismiss Counterclaim Five as against the New Counterclaim Defendants.

## II. The Contractual Provisions also Undermine EAV's Counterclaim Five

Contractual disclaimers and merger clauses preclude the implicit warranties on which claims of innocent misrepresentation are predicated. The written contract that EAV entered into with Sage expressly provided that it is the "entire agreement" and that the products were sold "'AS IS,' WITHOUT ANY WARRANTIES OR REPRESENTATIONS." (ECF #54, Counterclaim ¶45; ECF #59-1 at 36, MESA, §§10, 12 (emphasis added).) By agreeing to these terms, EAV accepted both known and unknown risks, including that any representations -- innocently made in advance of the contract -- were inaccurate. (*See* ECF #188-1 at 7-16 (citing and discussing, *inter alia, Gibson v. Capano*, 241 Conn. 725, 730 (1997), *Holly Hill Holdings v. Lowman*, 226 Conn. 748, 755 (1993); and *Johnson v. Healy*, 176 Conn. 97, 106 (1978).) As it has throughout, EAV seeks to avoid the legal consequences of the contract it entered.[6]

---

[6] *See* ECF #147; note that the same legal consequences of the contract apply to EAV's claims of innocent misrepresentation against Sage, because EAV accepted these risks under the MESA and SOW1.

EAV first argues that, under *Gibson* and *Holly Hill*, disclaimers preclude liability for only facts "known to the purchaser at the time of sale." (ECF #192 at 10) (*quoting Gibson*, 241 at 733-34).) This argument rests on a selective quotation and badly misstates the law. *Gibson* and *Holly Hill* concerned real estate sales. In each case, the buyer knew some limited facts – that the property previously had termites in *Gibson* and underground storage tanks in *Holly Hill* – and those facts put the buyer on notice of the *risk* that the property had more serious problems (hidden termite damage or pollution leaks). *Gibson*, 241 Conn. at 734 (noting that the buyers knew about the prior condition of the property and chose to accept the risk of more extensive damage by entering into a contract with a disclaimer); *Holly Hill*, 226 Conn. at 756-57(discussing the "known environmental *risks*") (emphasis added). In neither case did the buyer know the seller's representations were false. Indeed, the buyers' knowledge of falsity would have precluded them from having been misled or reasonably relied, and the Court would not have needed to consider the disclaimers. More importantly, the holdings of *Gibson* and *Holly Hill* do not restrict the effects of disclaimers to the facts or even the risks that were *known* to the buyers:

> "It is established well beyond the need for citation that parties are free to contract for whatever terms on which they may agree. This freedom includes the right to contract for the assumption of **known or unknown hazards and risks** that may arise as a consequence of the execution of the contract.

*Holly Hill*, 226 Conn. At 755-56 (*quoting* 1 Restatement (Second), Contracts §§ 154, 159, and vol. 2, § 208 (1981)) (emphasis added.);[7] *see also Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.,* 2012 WL 13136049, at *5 (D. Conn. Oct. 23, 2012) (under the UCC, disclaimers in contracts between commercial parties are enforceable against claims of economic

---

[7] *See also Gibson*, 241 Conn. at 730-31 (quoting *Holly Hill*, 226 Conn. at 755-56).

loss). Thus, EAV is simply wrong in reading these cases as holding that disclaimers preclude only claims based on facts that the buyer knew were false.

EAV next tries to distinguish these cases by contending they did not involve misrepresentations in contract formation, whereas EAV alleges "fraud, mistake, or unconscionability in the inducement of the contract." (ECF #192 at 10.) Both parts of this argument are wrong. First, *Gibson* and *Holly Hill* did address fraudulent inducement. *Gibson*, 241 Conn. at 733 (claimants alleged they "were induced into entering into the contract by the defendants' misrepresentations."); *Holly Hill*, 226 Conn. at 756 ("the defendants cannot argue that they were induced to agree to the clause because of misrepresentations on the part of the plaintiff."). Second, the allegations of culpable misrepresentations that EAV makes elsewhere are inapposite to the innocent misrepresentation claim in Counterclaim Five. By definition, culpability is absent from "innocent" misrepresentation, which is a good reason why claims made on this basis do not supersede disclaimers and entire agreement provisions. *Kessler v. Schwarzman*, 2016 WL 1728000, at *2 (Conn. Super. Ct. Apr. 12, 2016) ("[w]hen both sides are 'innocent' in terms of knowledge and/or intent, it is hardly surprising to relegate the parties to the terms of their agreement.") (internal quotations and citations omitted). EAV cannot compensate for the legal insufficiency of its claim for *innocent* misrepresentation by borrowing from its allegations of culpable misconduct.

In another effort to trade on its more serious accusations, EAV argues it would be "premature" to dismiss Counterclaim Five, because its claims of culpable misconduct, if proven, might "vitiate the disclaimer." (ECF # 192 at 11.) EAV cites a single Connecticut Superior Court case to support this argument – a case no other court has ever cited. (*Id.* (*citing Stone v. Walsh*, 2009 WL 3083938, at *4 (Conn. Super. Ct. Aug. 13, 2009).) That case later went to a bench trial,

where the plaintiff failed to prove any of her claims. *Stone v. Walsh*, 2010 WL 4944629 (Conn. Super. Ct. Nov. 19, 2010). Prudentially, the earlier decision in *Stone* was ill-advised and mistaken: the court allowed a legally insufficient allegation of innocent misrepresentation to proceed through discovery and trial on the off-chance that a claim of culpable misrepresentation might succeed. And if Stone had proved intentional fraud, her claim of innocent misrepresentation would have been superfluous.[8] Moreover, EAV's claims of culpable misrepresentation, if proven, would not "vitiate the disclaimer" for all purposes.[9] Although under Connecticut law EAV's claims of culpable misrepresentations may survive the contract's disclaimer and entire agreement clauses, EAV's claim of innocent misrepresentation stands on entirely different legal ground. *Gibson*, 241 Conn. at 451 & n.4 (distinguishing the public policy implications of disclaimers relative to claims of innocent misrepresentation from those for mutual "mistake, fraud, or unconscionability"); *see also ARMOUR Cap. Mgmt. LP v. SS&C Techs., Inc.*, 407 F. Supp. 3d 98, 104-105 (D. Conn. 2019) (Meyer, J.) (referring to the spectrum from innocent to fraudulent misrepresentation and predicting that the Connecticut Supreme Court would most likely rule that a contractual merger clause does not "categorically" preclude a *negligent* misrepresentation claim).[10] Accordingly, the theoretical possibility that EAV might prove its claims of culpable misconduct at trial does not render "premature" this motion regarding the legal insufficiency of EAV's Counterclaim Five.

---

[8] *C.f. Freeman v. A Better Way Wholesale Autos, Inc*., 174 Conn. App. 649, 673 (2017) (affirming trial court's decision not to address damages for fraudulent misrepresentation that would be identical to the damages under CUTPA).

[9] Notably, EAV seeks for every misrepresentation claim only monetary damages, not rescission. (ECF #54 at 65 (Prayer for Relief).)

[10] Even for claims of culpable misrepresentations, disclaimers and merger clauses provide evidence for the factfinder to consider when determining the reasonableness of the claimant's reliance. *See, e.g., Town of New Milford v. Standard Demolition Servs., Inc.*, 212 Conn. App. 30, 63 & n. 14 (2022) (affirming trial court's finding that the claimant failed to prove negligent misrepresentation based, in part, on the claimant's awareness of contractual disclaimers).

### III. EAV Cannot Recover Damages from the New Counterclaim Defendants

Finally, EAV has offered no support for its argument that relief for innocent misrepresentation is available against the New Counterclaim Defendants under Connecticut law.[11] Instead, EAV argues that the measure of damages for innocent misrepresentation is "the difference in value between the property had it been as represented and the property as it actually was." (ECF #193 at 16 *citing Johnson v. Healy*, 176 Conn. 97, 106 (1978)). But this formulation is entirely consistent with Restatement's limitation that "damages are solely restitutionary in character" where, as in *Johnson*, the defendant is also the seller in the subject transaction. Restatement (Second) of Torts § 552C cmt. b (1977). The remedy ceases to be restitutionary, however, if a recovery can be made against anyone other than the counter-party to the subject transaction. *See Wallenta v. Moscowitz*, 81 Conn. App. 213, 241 (2004) ("In the absence of a benefit to the defendant, there can be no liability in restitution; nor can the measure of liability in restitution exceed the measure of the defendant's enrichment."). EAV has not alleged that the New Counterclaim Defendants received any benefit from the Agreement. For this reason, EAV cannot recover damages from the New Counterclaim Defendants.[12]

EAV also argues that Connecticut law generally allows tort liability against an agent whether or not the agent was acting on behalf of the principal. (ECF #192 at 16-17 *citing Sturm v. Harb Dev., LLC*, 298 Conn. 124, 132 (2010)). This general principle is immaterial to innocent

---

[11] In its opposition, EAV argues that Connecticut law must apply to the tort claims against all counterclaim defendants. At this point, the Court need not decide which state's substantive law applies to EAV's counterclaims. EAV's innocent misrepresentation claim against the New Counterclaim Defendants fails under both Oregon and Connecticut law. *See Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 369 (D. Conn. 2013) (noting that the first step of a choice of law analysis is a determination whether "the laws of competing jurisdictions are actually in conflict.").

[12] By failing to allege that the New Counterclaim Defendants retained any benefit, EAV implicitly concedes it cannot secure restitutionary relief against them.

misrepresentation, because innocent misrepresentation is not purely a tort and because of the "immediate parties" requirement. Under Connecticut law, innocent misrepresentation is "an amalgam of tort and contract law." *Farrell*, 335 Conn. at 418. In fact, the Connecticut Supreme Court in *Johnson* characterized innocent misrepresentation as a form of "warranty liability." *Johnson*, 176 Conn. at 102. EAV has not cited a single case that dispenses with the "immediate parties" requirement and allows a claimant to recover damages for innocent misrepresentation against the agents of a principal. The remedy for this claim is "restitutionary in character" and, thus, available from only the counterparty that received the benefit of the transaction.

CONCLUSION

For the reasons stated in the New Counterclaim Defendants' initial memorandum of law and this reply, the Court should grant their motion to dismiss EAV's Counterclaim Five.

**COUNTERCLAIM DEFENDANTS,
THE SAGE DOOR, LLC &
RICHARD CALAFIORE**

By  */s/  Daniel L. FitzMaurice*
    Daniel L. FitzMaurice (ct05331)
    Nicholas M. Lombard (ct30928)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103
    (860) 275-0100
    (860) 275-0343 (fax)
    dlfitzmaurice@daypitney.com
    nlombard@daypitney.com
    Their Attorneys

## CERTIFICATE OF ELECTRONIC FILING

   I hereby certify that on June 27, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                   */s/ Nicholas M. Lombard*
                    Nicholas M. Lombard